# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WALTER GLOVER, | : | CIVIL NO. 1:13-CV-2729 |
| --- | --- | --- |
| Plaintiff, | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| PAUL HORVATH, et al., | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

**I.     Statement of Facts and of the Case**

This is a *pro se* civil rights action brought by Walter Glover, a former state inmate, who was housed at the State Correctional Institution, Waymart, at the time of these events set forth in this pleading.[1]  Mr. Glover's *pro se* complaint, which was filed in November of 2013, demanded a great deal of the reader, because the claims in the complaint are set forth in a confusing and elliptical fashion.  However, liberally construed, it appears that Mr. Glover is attempting to advance four broad classes of legal claims.

---

[1] The docket currently reflects that Mr. Glover has been released from state custody.

First, in his complaint Mr. Glover seemed to bring claims and causes of action on behalf of other inmates, and suggested that he is endeavoring to pursue some sort of inmate *pro se* class action. (Docs. 1 and 26.) After advancing these broad class claims, Mr. Glover then asserted three claims of a more personal in nature, alleging that he had been subjected to "false misconducts," denied due process during disciplinary hearings, had experienced staff interference with his mail; and suffered a wrongful denial of parole due to his disciplinary history.

These claims were presented by Glover in a fashion which lacked clarity, and this lack of clarity was compounded by the exhibits which Glover submitted along with his complaint, since many of these exhibits seemingly contradicted his claims. For example, Glover's retaliatory discipline claims were largely undermined by the fact that it appeared that he pleaded guilty to a number of these prison infractions. Likewise, the exhibits attached to Glover's complaint indicated that, on occasion, when this inmate complained about the handling of his mail, his complaints were accepted and prison officials corrected their handling of specific items of mail. Furthermore, the exhibits attached to Glover's complaint seemed to contradict Glover's assertion that he fully and properly exhausted his prison grievances before filing this lawsuit, since these exhibits indicated that a number of Glover's grievances were denied because they were not presented in a timely fashion.

The defendants moved to dismiss this complaint, and given these shortcomings in his pleadings, we recommended that this motion to dismiss be granted and that the plaintiff's complaint be dismissed, without prejudice to the plaintiff attempting to file an amended complaint which meets the pleading standards prescribed by federal law. (Doc. 36.) The district court adopted this Report and Recommendation and dismissed this complaint without prejudice to Glover filing an amended complaint by July 25, 2015. (Doc. 39.) Since that time Glover has twice sought extensions of this filing deadline, which we have granted. (Docs. 40-43.) Despite receiving these repeated extensions of time, and the passage of more than two months, Glover still has not filed an amended complaint, and has allowed the latest, extended deadline for doing so to pass without any action on his part.

On these facts, it is recommended that this case now be dismissed with prejudice.

## II. Discussion

### A. Glover's Complaint Should Now Be Dismissed With Prejudice

While our initial screening analysis called for dismissal of this action, the court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course

recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, the plaintiff was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The district court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the district court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696,

704 (3d Cir.1996). The district court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). Following Pruden dismissal with prejudice has been the course followed by this court in cases such as this, where a *pro se* plaintiff refuses to follow the court's instructions to amend his complaint. Stanley v. United States, No. 1:CV-12-0123, 2014 WL 4546530, at *4 (M.D. Pa. Sept. 12, 2014); Jacobs v. Dist. Attorney's Office, No. 1:CV-10-2622, 2014 WL 3881534, at *7 (M.D. Pa. Aug. 7, 2014). Therefore, it is recommended that the complaint be dismissed with prejudice as frivolous for failure to state a claim without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the

clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of September 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge